## THE PEOPLE *against* DARRY.

### *Criminal law; murder; evidence.*

THE prisoner was covicted in December, 1852, at the Erie Oyer and Terminer, of the murder of his wife. Upon the trial the public prosecutor gave evidence tending to prove that she died of injuries and bruises inflicted upon her by the prisoner. It appeared that she gave no provocation, and made little or no resistance to his attacks; that the injuries were inflicted upon her when they were alone, and the most serious of them by striking her repeatedly in the pit of the stomach after they had retired to bed.

The judge charged the jury, that in order to convict the prisoner of the crime of murder, it was not necessary that they should be satisfied that the prisoner, at the time of inflicting the injuries upon the deceased, entertained a premeditated design to effect her death; but if they should find that he designedly inflicted the injuries, that they were inflicted without provocation, and not in the heat of passion, but were perpetrated by such acts as were imminently dangerous to the life of the deceased, and evincing on the part of the prisoner a depraved mind, regardless of human life, although without any premeditated design to effect the death of the deceased, the offence would be murder, within the second subdivision of section five of the statute concerning murder.

To this charge the prisoner's counsel excepted.

The prisoner was convicted and sentenced.

Upon appeal to the Court of Appeals the judgment was reversed and a new trial ordered; the court holding: That the case did not fall within the second subdivision of section five; that that subdivision was designed to embrace those cases only, where the acts resulting in

death are calculated to put the lives of many persons in jeopardy, without being aimed at any one in particular; and that it was the intention of the legislature to distinguish between acts of this sweeping and widely dangerous character and ordinary cases of individual homicide.

(S. C., 10 N. Y. 120.)